

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.                                    CRIMINAL NO. 25-154(ADC)

YATZIEL FELICIE-REYES,
Defendant.

## PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Yatziel Felicie-Reyes, and Defendant's counsel, Edwin Mora, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment:

<u>Count One:</u> On or about March 17, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, YATZIEL FELICIE-REYES, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition, that is, one (1) one (1) Taurus, 9mm pistol, model G2C, bearing serial number TLW94185; and 19 rounds of 9mm caliber ammunition, said firearm and ammunition having been shipped and transported in interstate and foreign commerce. All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. **Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not more than fifteen years pursuant to 18 U.S.C. § 924(a)(8), a fine of not more than $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and a term of supervised release of no more than three (3) years pursuant to 18 USC §3583(b)(1).

3. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

4. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

5. **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply

U.S. v. Felicie-Reyes, 25-154(ADC)

with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION FOR COUNT ONE, VIOLATION OF 18 U.S.C. § 922(g)(1) |||||||
|---|---|---|---|---|---|---|
| **Base Offense Level** pursuant to U.S.S.G. § K2.1(a)(4)(B) – Offense involved a semiautomatic firearm capable of accepting large capacity magazine and defendant was a prohibited person |||||| 20 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1&2 |||||| -3 |
| **Total Adjusted Offense Level** |||||| 17 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI ||
| 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 ||

## 8. Sentence Recommendation

As to Count One of the Indictment, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties

Page 3

U.S. v. Felicie-Reyes, 25-154(ADC)

will request a sentence of imprisonment within the applicable guideline range at TOL 17.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level of 17 calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to and no variant sentence under 18 U.S.C. § 3553-other than the one explicitly provided for in this Plea Agreement-shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline

or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Edwin Mora, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.   If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b.   If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.   If a trial is held by the judge without a jury, the judge would find the facts

and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty

U.S. v. Felicie-Reyes, 25-154(ADC)

plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

U.S. v. Felicie-Reyes, 25-154(ADC)

23. **Firearms and Ammunition Forfeiture**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to, one (1) Taurus, 9mm pistol, model G2C, bearing serial number TLW94185; and 19 rounds of 9mm caliber ammunition.

W. Stephen Muldrow
United States Attorney

_____
Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated: 7.11.2025

_____
Edwin Mora, Esq.
Counsel for Defendant
Dated: 8/21/25

_____
Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: 7/11/2025

_____
Yatziel Felicie-Reyes
Defendant
Dated: 8/21/25

U.S. v. Felicie-Reyes, 25-154(ADC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8/21/25

_____
Yatziel Felicie-Reyes
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/21/25

_____
Edwin Mora, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Yatziel Felicie-Reyes admits that he is guilty as charged in Count One of the Indictment and admits the following:

On March 17, 2025, at approximately 5:00am, Carolina Municipal Police Department (CMPD) observed in Isla Verde Avenue in Carolina, PR an individual driving a green scooter bearing Puerto Rico license plate 31087 and not wearing a helmet. The individual operating the scooter, later identified as Yatziel Felicie-Reyes, was trying to secure a firearm into his waistband. CMPD Officers attempted to conduct a traffic stop but Felicie-Reyes did not comply and accelerated the gas scooter until he crashed the scooter into a police vehicle that was in front of him. Felicie-Reyes then attempted to flee the scene on foot. After running a short distance, Felicie-Reyes fell and was apprehended by CMPD Officers.

During the search incident to arrest, officers recovered a Taurus, 9mm pistol, model G2C, bearing serial number TLW94185 from Felicie-Reyes' waistband. The firearm was loaded with an extended magazine and 15 rounds of 9mm ammunition, to include one round in the chamber. Officers also recovered a standard-size 9mm pistol magazine containing 4 rounds of ammunition.

The investigation revealed that Felicie-Reyes had been previously convicted of felony offenses and was on state probation. It further revealed that the Taurus firearm as well as the ammunition seized are not manufactured in the commonwealth of Puerto Rico. Therefore, the firearm and ammunition were shipped or transported in interstate or foreign commerce.

For purposes of this Plea Agreement, Defendant acknowledges that knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly possessed the Taurus firearm described in the Indictment.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment.

Discovery was timely made available to Defendant for review.

_____
Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: 7/11/2025

_____
Edwin Mora, Esq.
Counsel for Defendant
Dated: 8/21/25

_____
Yatziel Felicie-Reyes
Defendant
Dated: 8/21/25